IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| RACHAEL FAMBROUGH-MCCOY, | : | Case No. 1:17-cv-00019 |
| | : | |
| Plaintiff, | : | Judge Susan J. Dlott |
| | : | |
| v. | : | **ORDER** |
| | : | |
| WHITE CASTLE SYSTEM, INC., | : | |
| | : | |
| Defendant. | : | |
| | : | |

This matter is before the Court on Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. 7.) Plaintiff has filed a memorandum in opposition (Doc. 10), to which Defendant has replied (Doc. 11). For the reasons that follow, Defendant's Motion will be GRANTED.

### I.  BACKGROUND[1]

Plaintiff was terminated from White Castle's employ on July 14, 2014 after 32 years of service. (Doc. 1 at PageID 3 (¶ 9).) She was 51 years old. (*Id.* at PageID 4 (¶ 15).) Plaintiff subsequently filed a charge with the Ohio Civil Rights Commission alleging discrimination based on her age. (*Id.* at PageID 2 (¶ 5).) On April 18, 2015, Plaintiff received a Notice of Right to Sue from the U.S. Equal Employment Opportunity Commission relating to this charge. (*Id.* at PageID 2 (¶ 6), 10.) On July 17, 2015, the 90th day following her receipt of the Notice of Right to Sue, Plaintiff, through her attorney Donald B. Hordes,[2] filed a four-count Complaint in the

---

[1] The motion to dismiss pending before the Court is brought pursuant to Fed. R. Civ. P. 12(b)(6). For purposes of deciding it, therefore, we accept as true the factual allegations made by Plaintiff in her Complaint. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).
[2] Mr. Hordes was then affiliated with the Cincinnati law firm Schwartz Manes Ruby & Slovin. *See Fambrough-McCoy v. White Castle System, Inc.*, Case No. 1:15-cv-00474 (Complaint, Doc. 1 at PageID 10).

1

Southern District of Ohio alleging discrimination on the basis of age and disability under federal and state law. *Fambrough-McCoy v. White Castle System, Inc.*, Case No. 1:15-cv-00474 ("*Fambrough-McCoy I*") (Complaint, Doc. 1). Plaintiff did not serve that Complaint on White Castle. Instead, on January 7, 2016—nearly six months later—she filed a dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i). *Id.* (Notice of Dismissal of Complaint without Prejudice, Doc. 2). That pleading stated, "Plaintiff shall be re-filing her Complaint in the very near future." *Id.* (Doc. 2 at PageID 10).

On January 9, 2017—just over one year later—Plaintiff, again represented by Mr. Hordes,[3] filed her Complaint in this civil action. (Doc. 1.) Plaintiff served White Castle on April 6, 2017, approximately three months later. (Doc. 4.) White Castle has moved to dismiss Plaintiff's Complaint because her federal age and disability discrimination claims are time-barred. (Doc. 7 at PageID 23–24.) And because her federal claims merit dismissal, White Castle urges the Court to decline to exercise supplemental jurisdiction over her remaining state law claims. (*Id.* at PageID 24–25.) For her part, Plaintiff "does not dispute Defendant's chronology of the material facts underlying its Motion," and she has "no quarrel with Defendant's legal analysis as set forth in its Motion." (Doc. 10 at PageID 30, 31.) Nonetheless, given the "unique circumstances of this case," she asks the Court to "invoke the doctrine of equitable tolling so as to extend the 90 day statute of limitations and allow her current Complaint to stand." (*Id.* at PageID 31.)[4]

---

[3] Mr. Hordes is now affiliated with the Cincinnati law firm of Ritter & Randolph, LLC. (Doc. 1 at PageID 9.)
[4] Plaintiff has requested oral argument on Defendant's Motion to respond to any "new arguments" Defendant makes in its reply regarding the issue of equitable tolling. (Doc. 10 at PageID 40.) The Court determines that oral argument would not be helpful, inasmuch as this issue is not complex. S. D. Ohio Civ. R. 7.1(b)(2).

## II.     STANDARD OF LAW

Fed. R. Civ. P. 12(b)(6) allows a party to move to dismiss a complaint for "failure to state a claim upon which relief can be granted."  To withstand a dismissal motion, a complaint must contain "more than labels and conclusions [or] a formulaic recitation of the elements of a cause of action."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Courts do not require "heightened fact pleading of specifics, but only enough facts to state a claim for relief that is plausible on its face."  *Id.* at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A district court examining the sufficiency of a complaint must accept the well-pleaded allegations of the complaint as true.  *Id.*; *DiGeronimo Aggregates, LLC v. Zemla*, 763 F.3d 506, 509 (6th Cir. 2014).

## III.     ANALYSIS

Under both the Age Discrimination in Employment Act ("ADEA") and the Americans with Disabilities Act ("ADA"), a potential plaintiff has 90 days from the date of her receipt of an EEOC-issued Notice of Right to Sue to initiate a civil action against her former employer. 29 U.S.C. § 626(e) (ADEA) ("A civil action may be brought under this section . . . against the respondent named in the charge within 90 days after the date of the receipt of such notice [of right to sue]."); 42 U.S.C. § 12117[5] (ADA); *see also Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 149 (1984).  Notably, "the filing of a complaint which is later dismissed without prejudice does **not** toll the [90-day] statutory filing period of Title VII."  *Wilson v. Grumman Ohio Corp.*, 815 F.2d 26, 28 (6th Cir. 1987) (emphasis added).  *Wilson* remains good law in the

---

[5] The powers, remedies, and procedures applicable to employment discrimination actions under Title VII apply to the ADA.  42 U.S.C. § 12117(a).  Title VII provides that "within ninety days after the giving of such notice [of right to sue] a civil action may be brought against the respondent named in the charge."  42 U.S.C. § 2000e-5(f)(1).

3

Sixth Circuit. *See, e.g., Chiancone v. City of Akron*, No. 5:11CV337, 2011 WL 4436587, at *5–6 (N.D. Ohio Sept. 23, 2011).

Plaintiff timely filed her federal age and disability discrimination claims on the 90th day following receipt of her Notice of Right to Sue in Case No. 1:15-cv-00474. However, after she voluntarily dismissed her initial Complaint, she waited more than a year to refile despite her pledge to do so "in the very near future." *See Fambrough-McCoy I* (Notice of Dismissal of Complaint Without Prejudice, Doc. 2 at PageID 10). Plaintiff's refiled Complaint comes more than 630 days after receipt of her Notice of Right to Sue, and White Castle was not served until nearly another 90 days had passed. Without question, the federal discrimination claims pled in Plaintiff's refiled Complaint are well out of time. Whether equitable tolling should apply to save her federal claims is discussed next.

### A. Equitable Tolling

Equitable tolling is to be "carefully applied." *Andrews v. Orr*, 851 F.2d 146, 151 (6th Cir. 1988). Five factors warrant consideration: (1) lack of actual notice of the filing requirement; (2) lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) the plaintiff's reasonableness in remaining ignorant of the particular legal requirement for filing her claim. *Id.*; *see Steiner v. Henderson*, 354 F.3d 432, 435 (6th Cir. 2003); *Seoane-Vazquez v. Ohio State Univ.*, 577 F. App'x 418, 426–27 (6th Cir. 2014). There is no indication from the Sixth Circuit that this list of five is comprehensive, however, or that all five will be "material" in all cases. *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir 2000) (citing *Truitt v. Cnty. of Wayne*, 148 F.3d 644, 648 (6th Cir. 1998)). Rather, "the decision to

allow equitable tolling is made on a case-by-case basis." *Steiner*, 354 F.3d at 435 (citing *Seay v. Tenn. Valley Auth.*, 339 F.3d 454, 469 (6th Cir. 2003)).

The version of Fed. R. Civ. P. 4(m) in effect at the time Plaintiff filed her initial Complaint on July 17, 2015 stated:

> If a defendant is not served within **120 days**[6] after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. . . .

(Emphasis added.) Acknowledging that he is "an experienced employment litigation attorney," Mr. Hordes concedes that he had constructive knowledge of the service deadline, but denies *actual* knowledge "because of the rush of his day to day practice." (Doc. 10 at PageID 32.) He bemoans the fact that, instead of receiving "a professional courtesy 'heads-up' in the form of an Order to Show Cause justifying his failure to serve" White Castle, he instead received an email from the Court's Administrative Assistant, Vicki Penley. (*Id.* at PageID 32–33.) Ms. Penley's email, sent January 5, 2016, was to the point:

> This case was filed on 7/17/15. No service, no answer . . . . . What is the status?

(Attachment to Hordes Aff., Doc. 10 at PageID 44 (¶ 5), 46.) Mr. Hordes recalls immediately telephoning Ms. Penley, and testifies:

> While I do not remember precisely what she related to me, my best recollection is that she advised me that the 120 day deadline for serving Defendant had long passed, and that my client's Complaint was non-longer [sic] viable. I don't recall her mentioning anything about my opportunity to seek an extension to serve under Rule 4(m), or the issuance of an Order to Show Cause. **I told her that I supposed my only option was for me to dismiss my client's Complaint without prejudice under Rule 41(a) of the Federal Rules of Civil Procedure so I would be able to re-file it within a year. I don't recall any further comment from Ms. Penley.**

---

[6] On December 1, 2015, Rule 4(m) was amended to reduce the presumptive time for serving a defendant from 120 days to 90 days.

5

(*Id.* at PageID 44 (¶ 9) (emphasis added).) Two days later, on January 7, 2016, he filed such a Notice on behalf of his client. (*Id.* at PageID 45 (¶ 10).) Mr. Hordes acknowledges he was "remiss" in not "keeping track" of the service deadline, but explains:

> [I]n addition to the normal pressure of my litigation case load, I had been for the last three months of 2015 been [sic] preoccupied with seeking to transfer my practice from Schwartz, Manes, Ruby & Slovin to another law firm, which entailed talking and meeting with other law firms, and auditing and analyzing my own client base and value of my business. Once I had identified my new law firm, Ritter & Randolph, LLC, there entailed the usual negotiations of the financial terms of the new affiliation. After those terms were finalized and I notified Schwartz, Manes Ruby & Slovin on December 31, 2015 that I was moving my practice, there ensued the usual negotiations about date of departure, status of files, allocation of accounts receivable, etc.

(*Id.* at PageID 44 (¶ 6).)

The short answer[7] to Mr. Hordes' argument is that, as an attorney, he is considered to have both actual *and* constructive notice of all periods of limitations. *See Amini v. Oberlin College*, 259 F.3d 493, 500 (6th Cir. 2001). And Mr. Hordes' knowledge must be imputed to Plaintiff. Further, the "competing distractions" he asks the Court to take into consideration provide no excuse. (*See* Doc. 10 at PageID 34 n.3.) The "pressures" of "transitioning his files and clients to his new firm, working out the usual and oftentimes contentious financial issues with the firm from which he was departing, and other related administrative problems associated

---

[7] The specifics of Mr. Hordes' affidavit prompt a supplemental response. Counsel fails to realize that his lack of awareness of the service deadline established in Rule 4(m) is *subordinate* to his lack of awareness of the consequence of voluntarily dismissing his client's initial Complaint under Rule 41(a)(1)(A). He blames the inexactitude of Rule 4(m). (Doc. 10 at PageID 34: "There is no language therein highlighting the different impact of dismissing a *statutory discrimination* Complaint without prejudice, as opposed to *any other* federal Complaint without prejudice." (emphasis in original)). He denounces the "inadvertent failure" of this Court to issue a "show cause order" as allowed by Rule 4(m). (*Id.* at PageID 33–34: "Had it done so, the undersigned would have taken immediate action to seek an extension of time to effectuate service, thereby avoiding the problem his client is now facing by virtue of her filing of her notice of dismissal of her Complaint without prejudice."). And he faults the unwillingness of the Court's Administrative Assistant for failing to debate legal strategy with him. (*Id.* at PageID 33: "The undersigned responded to the effect that there was no other alternative than to dismiss Plaintiff's Complaint without prejudice so that he could re-file within a year. Ms. Penley said nothing more in response and that was the end of the conversation."). Nonsense. The Sixth Circuit decided *Wilson*, *supra*, on April 1, 1987, nearly 30 years *before* Mr. Hordes—in an exercise of professional judgment on behalf of his client—filed the Rule 41 Notice in Case No. 1:15-cv-00474.

with such a move," while "still carrying on his legal practice" were pressures of his own making. (*Id.*) This circumstance clearly is distinguishable from one in which a defendant misleads a plaintiff into missing a deadline. *Steiner*, 354 F.3d at 438. Accordingly, the first, second, and fifth factors weigh against equitable tolling.

Plaintiff fares no better with the third factor. She *was* diligent in timely filing her initial Complaint, but having waited until the 90th day, she left herself no flexibility going forward. And, of course, she failed to effect service within the 120-day deadline then controlling. Moreover, Plaintiff inexplicably waited more than a year to refile her Complaint and did not serve White Castle until 87 days (with a 90-day deadline now in place) later.

Regarding factor four, the absence of prejudice to a defendant employer "is not an independent basis for invoking the doctrine and sanctioning deviations from established procedures." *Id.* at 437 (quoting *Baldwin Cnty.*, 466 U.S. at 152). Yet even if it were, White Castle would suffer prejudice if the federal claims go forward because the damages available to Plaintiff under federal age discrimination law are more comprehensive that what are allowed under Ohio Rev. Code § 4112.14.[8]

At best, this case amounts to "a garden variety claim of excusable neglect" to which the principles of equitable tolling do not extend. *Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96 (1990). Thus, Plaintiff's federal discrimination claims will be dismissed as untimely.

### B. Supplemental State Discrimination Law Claims

Having determined that Plaintiff's federal discrimination claims should be dismissed, the Court must decide whether to exercise supplemental jurisdiction over her remaining state discrimination claims. *See* 28 U.S.C. § 1367(c)(3). "[T]he values of judicial economy,

---

[8] Ohio Rev. Code § 4112.14(B) allows for the recovery of lost wages and benefits and the costs—including attorney's fees—of the action, but not for an award of compensatory and punitive damages as permitted under federal age discrimination law.

convenience, fairness, and comity" inform this decision. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). "When the balance of these factors indicates that a case properly belongs in state court, as when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice." *Id.* (footnote and citation omitted); *Musson Theatrical, Inc. v. Federal Express Corp.*, 89 F.3d 1244, 1254–55 (6th Cir. 1996) ("When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims . . . .").

The instant litigation is in its very earliest stages. Indeed, White Castle has not yet filed its Answer. Accordingly, White Castle argues in favor of dismissal. Plaintiff, on the other hand, maintains that application of the *Musson* "factors" to the circumstances here "call for the retention of supplemental jurisdiction" of her state law claims. (Doc. 10 at PageID 37–38.) Not so.

Following a Rule 12(b)(6) dismissal, "there is a strong presumption in favor of dismissing supplemental claims" that can be overcome only in "unusual circumstances." *Musson*, 89 F.3d at 1255 (citations omitted). In *Musson*, the Sixth Circuit noted the Second Circuit's "suggestion" that "these 'unusual circumstances' must include 'some prejudice arising from relegating the case for trial in the state court.'" *Id.* (quoting *Nolan v. Meyer*, 520 F.2d 1276, 1280 (2d Cir. 1975).) Then it proceeded to consider nine idiosyncratic factors[9] before concluding that no "unusual circumstances" were present to support the decision to resolve the plaintiff's state law claims. *Id.* at 1255–57.

---

[9] Like Defendant, the Court does not read *Musson* to establish a multi-factor test to be applied in all cases to determine whether dismissal of supplemental claims is indicated. *See Brooks v. Rothe*, 577 F.3d 701, 709 (6th Cir. 2009) (not applying *any* test when determining that dismissal of supplemental state law claims was appropriate when all federal claims were dismissed).

Plaintiff argues that a "strong likelihood of prejudice" exists if this civil action is "relegated to state court." (Doc. 10 at PageID 38 (¶ 2).) She worries that if she "is forced to re-file [her] age claim in state court," White Castle will argue that she "made an 'irrevocable election' of [her] Ohio statutory remedies." (*Id.*) Defendant counters that that argument relates to whether Plaintiff's filing of an OCRC or EEOC charge constituted an election to pursue her age discrimination claim *administratively* instead of through the courts, not whether filing in *state rather than federal* court constituted an election of remedies. The Court agrees. It is true that this Court previously has concluded that "the Ohio Supreme Court would **likely** rule that filing a charge of age discrimination with the EEOC does not comprise an election of remedies under O.R.C. § 4112.05." *Flint v. Mercy Health Partners of Sw. Ohio*, 940 F. Supp. 2d 743, 753 (S.D. Ohio 2013) (emphasis added). And, on this basis, this Court held that a *pro se* filing of an EEOC charge, deemed filed with the OCRC under Ohio Admin. Code § 4112-3-01(D)(3), was *not* an election of remedies under the Ohio statute:

> This result acknowledges the complementary nature of federal and state employment discrimination procedures and disarms the "minefield" Ohio's statutory scheme creates for the litigant wanting to pursue a remedy for age discrimination—something this Court finds particularly important when an employee is attempting to navigate that minefield without the assistance of legal counsel.

*Id.* Plaintiff's apprehension that this Court's prediction may be wrong, however, does not justify an exercise of supplemental jurisdiction that essentially prevents an *Ohio court* from deciding an issue of *Ohio statutory interpretation*.

### IV. CONCLUSION

Based on the foregoing reasons, Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. 7) is hereby **GRANTED**. Plaintiff's federal age (Count One) and disability (Count Two) discrimination claims are **DISMISSED WITH PREJUDICE**, but her state age

9

(Count Three) and disability (Count Four) discrimination claims, brought pursuant to Ohio Rev. Code §§ 4112.14, 4112.99 and §§ 4112.02(A), 4112.99 respectively, are **DISMISSED WITHOUT PREJUDICE**.

   **IT IS SO ORDERED**.


Dated:  July 20, 2017                              S/Susan J. Dlott_____
                                                   Judge Susan J. Dlott
                                                   United States District Court